NUMBER
13-00-678-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

HUSSEIN MARTINEZ A/K/A JOSE MARTINEZ,                          Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                         On
appeal from the 24th District Court

                                 of Calhoun County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 

A jury found appellant, Hussein Martinez, also known as Jose
Martinez, guilty of murder and assessed punishment at ninety-nine years in the
Institutional Division of the Texas Department of Criminal Justice.  We affirm.








Appellant=s counsel has
filed a brief in which he concluded that this appeal is wholly frivolous and
without merit.  In the brief, counsel
discusses the record, and reviews jurisdiction, pre-trial matters, voir dire, opening statement, the State=s
case-in-chief, Martinez=s
case-in-chief, objections ruled adversely to Martinez, the court=s charge,
argument of counsel, sufficiency of the evidence, and punishment.  The brief meets the requirements of Anders
v. California, 386 U.S. 738, 744-45 (1967), and High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel does, however, raise three arguable
points of error which we now address.








By his first point, Martinez contends the trial court
erred in not allowing a witness to assert his Fifth Amendment privilege in the
jury=s
presence.  Angel Bernon,
a co-defendant, was called to testify. 
Counsel for Bernon objected to his client
being called as a witness, and Bernon invoked his
Fifth Amendment privilege against self incrimination outside the presence of
the jury.  A witness=s Fifth
Amendment privilege against self incrimination overrides a defendant=s right of
compulsory process of witnesses under the Sixth Amendment.  Bridge v. State, 726
S.W.2d 558, 567 (Tex. Crim. App. 1986).  A defendant has no right to have a witness
invoke his Fifth Amendment privilege in the presence of a jury.  Id. 
Once the potential witness indicates that he will invoke his
constitutional privilege, the court need not call him to the stand before the
jury.  See id.  Furthermore, rule 513 of the Texas Rules of
Evidence provides A[i]n jury cases, proceedings shall be conducted, to the
extent practicable, so as to facilitate the making of claims of privilege
without the knowledge of the jury.@  Tex.
R. Evid. 513(b).  Therefore, the court did not err when he
denied Martinez=s counsel=s request to
call Bernon to the stand in the jury=s presence.
Martinez=s first
arguable point of error fails.  

By his second point, Martinez contends the trial court erred in
allowing testimony regarding his gang membership.  At the punishment phase, the State called
Steve Devillies, a supervisor with the City of
Pasadena Police Department Gang Task Force. 
Officer Devillies testified that Martinez was
a member of the South Side Chucos, a gang known for a
litany of crimes, and that Martinez associated with gang members.  Gang membership can be offered by the State
as evidence of a defendant=s character,
which is relevant to punishment.  Tex. Code Crim. Proc. Ann. art. 37.07(3)(a)(1) (Vernon Supp. 2002); Beasley v. State, 902
S.W.2d 452, 455-56 (Tex. Crim. App. 1995); Anderson
v. State, 901 S.W.2d 946, 949-50 (Tex. Crim. App.
1995).  Martinez=s second arguable
point of error fails.

Finally, by his third point, Martinez contends the trial court
erred by admitting  statements about his
gang membership; statements made more than two years earlier during an
unrecorded, oral, custodial interrogation. 
During the punishment phase, the State called Officer John R. Bangilan to testify regarding gang admissions made by
Martinez on September 20, 1996.  Martinez
admitted then that he was a member of the South Side Chucos,
Aassociated with
a gang from Pasadena called the Ruthless Assassins.@








AGenerally, a
statement or confession, as contemplated by Miranda and article 38.22,
relates to a crime already committed.@  Norrid v.
State, 925 S.W.2d 342, 345 (Tex. App.BFort Worth
1996, no pet.).  The complained-of
statements were made in 1996.  The murder
for which Martinez was convicted occurred on April 24, 1999.  Furthermore, the admission of improper
evidence is harmless if the same facts are proved by other proper
testimony.  Leday v. State, 983
S.W.2d 713, 718 (Tex. Crim. App. 1998).  In this case, the same gang evidence was
provided earlier through the testimony of Officer Devillies.  No objection was made to that testimony.  Thus, error, if any, was waived.  Accordingly, Martinez=s third
arguable point of error fails.

In Pension v. Ohio, 488 U.S. 75 (1988), the Supreme Court
advised appellate courts that upon receiving a Afrivolous appeal@ brief, they must conduct Aa full examination of
all the proceeding[s] to decide whether the case is wholly frivolous.@  Id. at 80.  We have, likewise, reviewed the record and,
finding nothing that would arguably support an appeal, agree with counsel that
the appeal is wholly frivolous.  See
Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991).  

Counsel provided Martinez with a copy of the brief and advised him of
his right to file a pro se brief. 
The time for filing his brief has elapsed and no such response has been
received by this Court.  Accordingly, the
judgment of the trial court is AFFIRMED.








Additionally, in accordance with Anders, counsel has requested
permission to withdraw as counsel for Martinez. 
See Anders, 386 U.S. at 744. 
We grant Martinez=s attorney=s motion to
withdraw.  Furthermore, we order him to
notify Martinez of the disposition of his appeal and of the availability of
discretionary review.  See
Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).                                                           

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 2nd day of May, 2002.